# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 2:04CR10064-3 |
| ) | |
| v. ) | **OPINION AND ORDER** |
| ) | |
| **LONNIE DAVID CASE,** ) | JUDGE JAMES P. JONES |
| ) | |
| Defendant. ) | |

*Michael A. Baudinet, Assistant United States Attorney, Roanoke, Virginia, for United States; Lonnie David Case, Pro Se Defendant.*

The defendant, a federal inmate, has filed a pro se motion for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A). He contends that the risk posed to him by the COVID-19 pandemic constitutes an extraordinary and compelling reason for a sentence reduction. For the reasons that follow, I will deny the motion.

I.

In 2003, while serving a 20-year term of imprisonment at United States Petitionary Lee for armed carjacking and use of a firearm in furtherance of a crime of violence, the defendant, Lonnie David Case, assaulted another prison inmate. He pled guilty on April 20, 2005, to one count of assault resulting in serious bodily injury, in violation of 18 U.S.C. § 113(a)(6). He was sentenced by this court on September 21, 2005, to a term of 120 months' imprisonment. Case is 67 years old

and is currently incarcerated at USP Victorville. His projected release date is May 30, 2029.

On December 10, 2021, Case filed a pro se motion seeking compassionate release. The Federal Public Defender's Office advised the court that it did not intend to supplement his motion. On February 18, 2022, the United States filed a response in opposition to Case's motion, along with his vaccination records.

II.

The governing statute provides that a sentence may be reduced if "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission has not issued any applicable policy statements after the statute was amended by the First Step Act in 2018. The Fourth Circuit held in *United States v. McCoy*, 981 F.3d 271, 284, 286 (4th Cir. 2020), that when deciding a compassionate release motion, a district court may consider any extraordinary and compelling reason raised by the defendant.

Case suffers from a number of health conditions, including partial blindness in his right eye, cataracts in his left eye, osteoarthritis in his right shoulder, and lingering pain in his left leg. He further contends that he contracted COVID-19 in September 2021, and that he continues to experience difficulty breathing. The

government responds that none of Case's ailments are recognized by the Centers for Disease Control and Prevention (CDC) as underlying medical conditions that would place him at higher risk for severe illness. While older individuals are at higher risk of severe illness, at 67 years old, Case does not present a particularly elevated risk. Furthermore, Case has been fully vaccinated against COVID-19. He received his first and second dose of the Moderna vaccine on April 21, 2021, and May 19, 2021, respectively. Bureau of Prisons Health Servs. 2, ECF No. 241.

The two vaccine doses Case has received substantially reduce the risk that he faces. Centers for Disease Control and Prevention, *Moderna COVID-19 Vaccine (also known as Spikevax) Overview and Safety*, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/different-vaccines/Moderna.html (last visited March 9, 2022). According to the CDC, "[c]urrent vaccines are expected to protect against severe illness, hospitalizations, and deaths due to infection with the Omicron variant." Centers for Disease Control and Prevention, *Omicron Variant: What You Need to Know*, https://www.cdc.gov/coronavirus/2019-ncov/variants/omicron-variant.html (last visited March 9, 2022). Given his vaccination status, I conclude that Case has not established an extraordinary and compelling reason for relief.

III.

For the reasons stated, it is **ORDERED** that the motion, ECF No. 231, is DENIED.

      ENTER: March 10, 2022

      /s/  JAMES P. JONES
      Senior United States District Judge