CLERKS OFFICE US DISTRICT COURT
AT ABINGDON, VA
FILED
July 28, 2025
LAURA A. AUSTIN, CLERK
BY: /s/ Kendra Campbell
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No. 2:04CR10064-003 |
| v.                              ) | **OPINION AND ORDER** |
| ) | |
| **LONNIE DAVID CASE,**           ) | JUDGE JAMES P. JONES |
| ) | |
| Defendant.                      ) | |

*Lonnie David Case, Pro Se.*

The defendant has filed a motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). For the following reasons, Case's motion will be denied.

I.

In 2003, while incarcerated at United States Penitentiary Lee, Case and a group of other inmates assaulted a fellow prisoner whom they believed to be a homosexual. At the time, Case was serving a 20-year federal term of imprisonment for carjacking imposed in 2001. On April 20, 2005, Case pled guilty to one count of assault resulting in the serious bodily injury of the victim in violation of 18 U.S.C. § 113(a)(6). On September 21, 2005, he was sentenced to 120 months of imprisonment. On June 16, 2025, Case filed this motion for compassionate release. Case contends that his age (71) and a change in the meaning of "serious bodily injury" since the time of his sentencing warrant his release. He also claims that his

attorney told him that his sentence for assaulting the inmate would run concurrently with his pre-existing sentence, and not consecutively as the Bureau of Prisons contends. Case characterizes this issue as ineffective assistance of counsel.

Case is presently incarcerated at United States Penitentiary Victorville and his projected release date is July 7, 2029.

A sentence may be reduced if "extraordinary and compelling reasons warrant such a reduction" and the reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Sentencing Commission has adopted such policy statements. U.S. Sent'g Guidelines Manual (USSG) § 1B1.13 (U.S. Sent'g Comm'n 2024). Even if the court finds an extraordinary and compelling reason for reduction, the court must consider the applicable 18 U.S.C. § 3553(a) factors. *United States v. Kibble*, 992 F.3d 326, 331 (4th Cir. 2021). A defendant seeking compassionate release has the burden of establishing that it is warranted. *United States v. Bryant*, 720 F. Supp. 3d 450 (W.D. Va. 2024).

II.

The reasons Case provides for a reduction in his sentence do not satisfy the requirements of 18 U.S.C. § 3582(c)(1)(A). First, Case argues that because he is in his 70s, he is unlikely to offend again if released. Through Case is correct that generally recidivism decreases with age, he has not shown that his age rises to the

level of an "extraordinary and compelling" circumstance. Case has not provided evidence of unmet medical needs while in prison and has not demonstrated any serious age-related decline that warrants release. Further, Case's assault of a fellow inmate occurred when he was nearly 50. Thus, his criminal record has extended beyond his youth.

Second, Case claims that the definition of "serious bodily injury" has changed such that he would not fit the definition of assault resulting in serious bodily injury if sentenced today. The statute under which Case was convicted, 18 U.S.C. § 113, relies on the definition of "serious bodily injury" set out in 18 U.S.C. § 1365. Accordingly, serious bodily injury is "bodily injury which involves—(A) a substantial risk of death; (B) extreme physical pain; (C) protracted and obvious disfigurement; or (D) protracted loss or impairment of the function of a bodily member, organ, or mental faculty." 18 U.S.C. § 1365(h)(3).

The Presentence Investigation Report (PSR) prepared when Case was sentenced shows that Case and several others participated in a premeditated attack of another inmate, which continued until guards dispersed the group with flash bang grenades. PSR 4–5, ECF No. 233. The victim required medical attention with injuries to his head, abdomen, and eye. *Id.* These injuries, taken in combination with a protracted group attack, rise to the level of injuries that could cause extreme physical pain or a risk of death. Further, to receive a sentence enhancement for

acceptance of responsibility, Case submitted a statement acknowledging that he assaulted another inmate and that "[t]his assault resulted in serious bodily injury to [the victim]." *Id.* There is no indication that "serious bodily injury" held a different meaning when Case committed his offense in 2003, or when he pled guilty in 2005. As a result, I find that Case's allegations of a change in the meaning of serious bodily injury lack merit.

Finally, Case alleges that his attorney told him his sentence would run concurrently with the 20-year sentence he was already serving, thus making Case now eligible for release. Case makes this argument under the heading "Ineffective Assistance of Counsel." A compassionate release motion cannot be used as a vehicle for a 28 U.S.C. § 2255 ineffective assistance of counsel claim. *United States v. Ferguson*, 55 F.4th 262, 270 (4th Cir. 2022) ("Because § 2255 is the exclusive method of collaterally attacking a federal conviction or sentence, a criminal defendant is foreclosed from the use of another mechanism, such as compassionate release, to sidestep § 2255's requirements.").

Case's assertion that he believed his 120 months of imprisonment would run concurrently to his pre-existing sentence is not supported in the record. The judgment makes no mention of the sentence running concurrently with his earlier sentence. J. 2, ECF No. 143.

Moreover, in view of the nature of the offense, and Case's lengthy criminal history of violent crimes, it is highly unlikely he would have believed that he was to receive a concurrent sentence.

III.

Accordingly, it is **ORDERED** that Case's motion, ECF No. 260, is DENIED.

ENTER: July 28, 2025

/s/ JAMES P. JONES
Senior United States District Judge